IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VALENTIN MORILLOS (BOP Register No. 42337-177), | § § § | |
| Movant, | § § | |
| V. | § § | No. 3:16-cv-1873-M-BN |
| UNITED STATES OF AMERICA, | § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Movant Valentin Morillos, a federal prisoner, proceeding *pro se*, filed in his closed criminal action a Motion to Reduce Sentence Under Residual Clause of the Armed Career and Career Offender In The Light of Johnson v. United States, which Chief Judge Barbara M. G. Lynn referred to the undersigned United States magistrate judge for hearing, if necessary, and determination. *United States v. Morillos*, No. 3:10-cr-232-M (07) (N.D. Tex.), Dkt. No. 577; *see also id.*, Dkt. No. 579.

Because it appears that through his motion to reduce sentence Defendant is seeking relief pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015), Defendant therefore seeks to raise a claim of constitutional magnitude that may be cognizable in a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255. And his motion was re-characterized as a Section 2255 motion, resulting in the opening of this civil action, *see* Dkt. No. 2, which has been referred to the undersigned United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of

reference from Chief Judge Lynn.

The undersigned issues the following findings of fact, conclusions of law, and recommendation that, regardless whether it possesses merit, because Movant's motion to vacate is successive, the Court should transfer it to the United States Court of Appeals for the Fifth Circuit for appropriate action.

**Applicable Background**

Through the current Section 2255 action, Movant seeks postconviction relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the United States Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act ["ACCA"] violates the Constitution's guarantee of due process," *id.* at 2563, a decision the Supreme Court has made retroactively applicable, *see Welch v. United States*, 136 S. Ct. 1257 (2016); *cf. In re Griffin*, No. 16-12012-J, ___ F.3d ___, 2016 WL 3002293, at *4 (11th Cir. May 25, 2016) (per curiam) (noting that "it is not enough for a federal prisoner to simply identify *Johnson* and the residual clause as the basis for the claim or claims he seeks to raise in a second or successive § 2255 motion, but he also must show that he was sentenced under the residual clause in the ACCA and that he falls within the scope of the new substantive rule announced in *Johnson*" (citing 28 U.S.C. § 2244(b)(3)(C))).

Regardless of the current motion's merit, this is not Movant's first Section 2255 motion. *See United States v. Morillos*, Nos. 3:10-cr-232-M (07) & 3:12-cv-1393-M-BD, 2012 WL 4322072 (N.D. Tex. Aug. 16, 2012), *rec. adopted*, 2012 WL 4336029 (N.D. Tex. Sept. 20, 2012) (denying relief on the claim that he "he received ineffective assistance

of counsel at sentencing because his attorney did not present a videotape of a post-arrest interview that would have contradicted the testimony of a government witness about the volume of defendant's drug sales").

## Legal Standards and Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which an individual may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). In order to file a second or successive Section 2255 motion, a movant must show that the motion is based on:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). That determination must be made by a three-judge panel of a United States court of appeals before a motion is filed in the district court. *Id.* §§ 2244(b)(3) & 2255(h); *see, e.g., United States v. Mathis*, 660 F. Supp. 2d 27, 30 (D.D.C. 2009) ("As is readily apparent from this statutory language, the determination of whether a new rule of constitutional law exists must be decided *by the court of appeals* – and not by the district court – before the second or successive § 2255 motion may be filed in the district court." (emphasis in original)).

The appellate certification requirement for a successive Section 2255 motion "acts as a jurisdictional bar to [this] district court's asserting jurisdiction over any

successive [motion to vacate] until [the Fifth Circuit] has granted the [movant] permission to file [such a motion]." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *accord Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003); *Williams v. Thaler*, 602 F.3d 291, 301 (5th Cir. 2010).

Because the Fifth Circuit, not this Court, is the proper initial gatekeeper for successive Section 2255 motions, Movant's successive 2255 motion seeking relief under *Johnson* should be transferred to the Fifth Circuit pursuant to 28 U.S.C. § 1631 for appropriate action. *See, e.g., United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015) (transfer of a successive habeas application filed without first obtaining "authorization from the court of appeal" "for want of jurisdiction" under Section 1631 is an alternative to dismissal of such an application (citing *In re Coleman*, 768 F.3d 367, 371 (5th Cir. 2014) (per curiam))).

**Recommendation**

The Court should transfer Movant's current Section 2255 motion to vacate to the United States Court of Appeals for the Fifth Circuit for appropriate action.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 27, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE